UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

EDGAR MORENO-ORTIZ,

       Plaintiff,

   -v-                                                No.  05 Civ. 5901 (LTS)(DF)

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, and
UNITED STATES PAROLE COMMISSION,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER AND OPINION ADOPTING
## REPORT AND RECOMMENDATION IN PART

On March 21, 2007, Magistrate Judge Debra Freeman issued a Report and Recommendation ("Report") recommending, in response to Defendants' motion to dismiss Plaintiff's Amended Complaint,[1] the dismissal of all of Plaintiff's claims except for Plaintiff's Federal Tort Claims Act ("FTCA") claim against the United States for his alleged misclassification as an informant, and that Defendants be directed to respond to Plaintiff's discovery requests in order for Plaintiff to assert Bivens claims against individual defendants, if any.  Timely objections to portions of the Report were received from Defendants (Docket Entry No. 34), and Plaintiff filed a response requesting that the Court adopt Judge Freeman's Report in its entirety, without making any objections of his own.  (Docket Entry No. 37.)

---

[1] In an order dated March 3, 2006, Judge Freeman ordered that Plaintiff's complaint (Docket Entry No. 2) be deemed to incorporate amendments proposed by Plaintiff in a "Motion for Appointment of Counsel and to Amend Complaint."  Judge Freeman's order was appended to Plaintiff's motion papers, which included the amendments, and is docketed under Docket Entry No. 12.

The Court has reviewed thoroughly Defendants' objections, and has considered <u>de novo</u> all of the points raised.  For the following reasons, the Court adopts in part Judge Freeman's recommendations and grants Defendants' motion to dismiss Plaintiff's Amended Complaint with prejudice.  Familiarity with the contents of the Report, including the factual background, is presumed.

BACKGROUND

The following relevant facts alleged in Plaintiff's Amended Complaint or reflected in documents appended by Plaintiff to the Amended Complaint are construed as true for purposes of considering Defendants' motion to dismiss.

Plaintiff asserts in the Amended Complaint that Defendants falsely classified him as an "informant" in prison administrative records, thereby subjecting his life to danger.  (Am. Compl. at 4, ¶ 5(B).)[2]  Plaintiff does not specify when the alleged classification occurred, but instead cites and appends a document, signed and dated by Plaintiff on May 18, 1976, wherein Plaintiff asked the Bureau of Prisons ("BOP") why he was classified as a "Special Offender."  The BOP's answer, signed and dated on August 3, 1976, and printed on the same document, responded that Plaintiff was so classified because he "testified against other inmate[]s who [were] in federal institutions."  (<u>Id.</u> at 48.)  The Amended Complaint also cites and appends a letter from Judge Frank A. Kaufman of the District of Maryland sent to Plaintiff and counsel, dated September 13, 1976, noting that Plaintiff "at no time testified against any other person."  (<u>Id.</u> at 46.)  Lastly, Plaintiff appends a letter dated January 9, 1990, wherein Plaintiff asserts that when he returned from Colombia (which would have

---

2   All page references to the Amended Complaint are to the copy appended by Defendants to the Declaration of Brian M. Feldman, dated June 4, 2007, as Exhibit A, which was helpfully paginated for ease of reference.  (<u>See</u> Docket Entry No. 34.)

occurred sometime between 1982, when he was deported (id. at 35), and 1985, when he was re-imprisoned in the United States), he was again misclassified on the mistaken belief that he was an informant.  (Id. at 41-42.)

On May 5, 2004, Plaintiff filed an administrative tort claim with the BOP with respect to the alleged misclassification(s).  (Am. Compl. at 14.)

DISCUSSION

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006).  The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.  See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994).  Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's proposal.  Camardo, 806 F. Supp. at 381-82.

Defendants' objections assert that: 1) the Report erred in failing to conclude that Plaintiff's May 5, 2004, administrative tort claim was untimely filed, thereby depriving the Court of subject matter jurisdiction over Plaintiff's Federal Tort Claims Act ("FTCA") claim for the alleged informant misclassification; and 2) the Report erred in recommending further discovery to explore

possible <u>Bivens</u> claims against unnamed individual defendants.

*FTCA claim - informant misclassification*

Plaintiff asserts an FTCA claim on the basis that he was falsely described as having testified against other inmates, and as a result suffered from insults, threats and harm from other inmates. This is the only existing claim, as against the United States, that the Report recommends Plaintiff be permitted to pursue. The Report concluded that the complaint in the instant action was timely filed after Plaintiff's corresponding administrative claim was denied, and that the administrative claim adequately presented the informant misclassification issue, but specifically declined to address the question of whether the administrative claim itself had been untimely. The United States argues that Plaintiff cannot carry his burden of pleading and proving timeliness of his administrative claim and that the cause of action must therefore be dismissed for lack of subject matter jurisdiction.

The FTCA provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b) (West 2006). Therefore, unless a plaintiff has first timely exhausted his administrative remedies, the Court has no subject matter jurisdiction of the FTCA claim. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993). Accrual of an FTCA claim generally begins at the time the injury or harm is inflicted, or when the plaintiff knows both the existence and cause of his injury. <u>United States v. Kubrick</u>, 444 U.S. 111, 120 (1979); <u>Kronisch v. United States</u>, 150 F.3d 112, 121 (2d Cir. 1998). The burden is on the plaintiff to both plead and prove compliance with the statutory requirements, <u>In re Agent Orange Prod. Liab. Litig.</u>, 818 F.2d 210, 214 (2d Cir. 1987), and this requirement applies with equal force to <u>pro se</u> litigants. <u>Adelke v. United States</u>, 355 F.3d 144, 153

(2d Cir. 2004).

In this case, the documents annexed to Plaintiff's Amended Complaint demonstrate that Plaintiff's informant misclassification claim accrued, at the latest, on January 9, 1990, when Plaintiff alleged in a letter to the BOP that he had been misclassified as an informant when he was re-imprisoned upon his return to the United States sometime between 1982 and 1985. (Am. Compl. at 35, 41-42.) Other documents appended to the Amended Complaint, all of which are dated in the year 1976, reflect attempts by Plaintiff to clear his record of any suggestion that he ever testified against other inmates, and therefore appear to describe an even older alleged misclassification. (Id. at 46, 48.) The Amended Complaint contains no allegations of any misclassification occurring after 1990, nor are there any appended documents from which it could be inferred that any post-1990 misclassification occurred.

Based on the Amended Complaint and the documents appended thereto, Plaintiff knew in 1976 both the existence and cause of the injuries that flowed from an allegedly erroneous classification at that time and, to the extent the 1990 letter complains of a new mistaken classification that took place between 1982 and 1985, Plaintiff knew of that alleged misclassification by 1990 at the latest. Plaintiff filed his administrative tort claim with the BOP with respect to the alleged misclassification(s) on May 5, 2004. (Am. Compl. at 14.)

Because it is clear from the face of Plaintiff's Amended Complaint that he has not, and cannot, plead and prove that he filed a complaint with the appropriate administrative agency within two years of the accrual of any claim in connection with the alleged misclassification, Plaintiff's cause of action based on the alleged misclassification must be dismissed for lack of subject matter jurisdiction. The Court finds no clear error in the Report's recommendation that Plaintiff's FTCA claims against the Federal Bureau of Prisons and the United States Parole Commission and

Plaintiff's Bivens claims against the named Defendants be dismissed and accordingly adopts that recommendation.  Accordingly, Plaintiff's claims will be dismissed.

*Leave to amend would be futile*

Plaintiff, in his opposition papers but not in his response to Defendants' objections, requested leave to amend his Amended Complaint should Judge Freeman recommend granting Defendants' motion to dismiss.  Plaintiff did not object to Judge Freeman's recommendation that his FTCA claims concerning sentence miscalculations be dismissed, nor did Plaintiff object to the recommendation that his Bivens claims against the named Defendants be dismissed.  With respect to the misclassification claims, Defendants argued in their objection that such claims were untimely "by more than two decades" (Br. at 9), and Plaintiff proffered no assertion to the contrary in his response, nor does the Court find anything in Plaintiff's Amended Complaint or the record appended thereto, Plaintiff's opposition papers to Defendants' motion to dismiss, or Plaintiff's response to Defendants' objection that would suggest a misclassification claim that would have accrued at any time close to 2002, or for that matter, any time after 1990.  For all of these reasons, the Court finds that any attempt by Plaintiff to amend his Amended Complaint against the named Defendants would be futile.  Accordingly, Plaintiff's claims against the named Defendants are dismissed with prejudice.

Because Plaintiff's claims against the named Defendants in this case must be dismissed, the Court has no occasion to address Defendants' arguments with respect to the potential viability of Plaintiff's Bivens claims that might possibly have been asserted against potential individual defendants in this action in the future.  Accordingly, the Court's dismissal of this action is without prejudice to the assertion of Bivens claims that Plaintiff may have against individual federal employees, and without prejudice to any defenses that any such employees may have with respect to

such claims.

## CONCLUSION

For the foregoing reasons, the Court declines to adopt the recommendation with respect to the FTCA claim against the United States concerning informant misclassification and the recommendation to permit further discovery in aid of potential future amendments, adopts the Report in all other respects, and accordingly dismisses the entire action for lack of subject matter jurisdiction.

The Clerk of Court is respectfully requested to terminate all pending motions as moot and close this case.

SO ORDERED.

Dated: New York, New York
February 23, 2009

_____
LAURA TAYLOR SWAIN
United States District Judge